SOUTHERN PACIFIC COMPANY ET AL. *v.* DARNELL-TAENZER LUMBER COMPANY ET AL.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 132. Argued January 8, 9, 1918.—Decided January 21, 1918.

The fact that one who paid unreasonable freight charges has shifted the burden by collecting from purchasers of the goods, does not prevent him from recovering the overpayments from the carrier, under an order of reparation made by the Interstate Commerce Commission. He is the proximate loser; his cause of action accrues immediately, without waiting for later events; the purchaser, lacking privity, cannot recover the illegal profits from the carrier; and, practically, to follow each transaction to its ultimate result would be endless and futile. Cases like *Pennysylvania R. R. Co.* v. *International Coal Mining Co.*, 230 U. S. 184, involving damages for discrimination, are distinguished.

An objection that error will not lie in this case, not decided, as the pending application for certiorari would be granted if the objection were held good.

*Semble*, that cases brought under § 16 of the Act to Regulate Commerce, to enforce reparation orders, stand on peculiar ground as respects review by certiorari.

229 Fed. Rep. 1022, affirmed.

THE case is stated in the opinion.

*Mr. Charles N. Burch*, with whom *Mr. H. D. Minor, Mr. Fred H. Wood, Mr. Robert Dunlap, Mr. T. J. Norton, Mr. Blewett Lee, Mr. R. V. Fletcher* and *Mr. H. A. Scandrett* were on the briefs, for plaintiffs in error, in support of the proposition that a party seeking to recover an excessive rate must prove that he bore the burden of the excess, cited *Parsons* v. *Chicago & Northwestern Ry. Co.*, 167 U. S. 447; *Pennsylvania R. R. Co.* v. *International Coal Mining Co.*, 230 U. S. 184; and *Atchison, T. & S. F. Ry. Co.* v. *Spiller*, 246 Fed. Rep. 1; and distinguished *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 429; and *Mills* v. *Lehigh Valley R. R. Co.*, 238 U. S. 473.

*Mr. Francis B. James*, with whom *Mr. Allen Hughes* was on the briefs, for defendants in error, moved to dismiss because no one of the many separate claims and judgments involved exceeded the amount of $1,000, excluding costs, Jud. Code, § 241; and on the question of damages cited Sutherland on Damages, § 158; *Chicago &c. R. R. Co.* v. *Pullman Car Co.*, 139 U. S. 79, 86; *Regan* v. *Railway*, 60 Connecticut, 124; *Perrott* v. *Scherrer*, 17 Michigan, 48; *Nashville &c. Ry. Co.* v. *Miller*, 120 Georgia, 453, *Olds* v. *Construction Co.*, 177 Massachusetts, 41; *Illinois Central Ry. Co.* v. *Porter*, 117 Tennessee, 13, and particularly *New York, N. H. & H. R. Co.* v. *Ballou & Wright*, 242 Fed. Rep. 862.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the defendants in error to recover reparation from the railroads for charging a rate on hardwood lumber, alleged to be excessive. The Interstate Commerce Commission had found the rate to be excessive and had made an order for reduction from 85 to 75 cents, which was obeyed, and also one for reparation to the extent of the excess, which was not obeyed. 13 I. C. C. 668. A demurrer to the declaration was sustained by the Circuit Court on the ground that it was not alleged that the plaintiffs had paid the excessive rates or that they were damaged thereby. 190 Fed. Rep. 659. The declaration was amended, but at the trial the judge directed a verdict for the defendants, presumably on the ground argued here, that it did not appear that the plaintiffs were damaged. The judgment was reversed by the Circuit Court of Appeals. 221 Fed. Rep. 890. 137 C. C. A. 460. At a new trial the jury were instructed that if they found the rate charged unreasonable and that prescribed by the Interstate Commerce Commission reasonable, they should find for the plaintiffs in accordance with the Commission's award. The jury found for the plaintiffs and this judgment was affirmed by the Circuit Court of Appeals. 229 Fed. Rep. 1022. 143 C. C. A. 663.

The only question before us is that at which we have hinted: whether the fact that the plaintiffs were able to pass on the damage that they sustained in the first instance by paying the unreasonable charge, and to collect that amount from the purchasers, prevents their recovering the overpayment from the carriers. The answer is not difficult. The general tendency of the law, in regard to damages at least, is not to go beyond the first step. As it does not attribute remote consequences to a defendant so it holds him liable if proximately

the plaintiff has suffered a loss. The plaintiffs suffered losses to the amount of the verdict when they paid. Their claim accrued at once in the theory of the law and it does not inquire into later events. *Olds* v. *Mapes-Reeve Construction Co.*, 177 Massachusetts, 41, 44. Perhaps strictly the securing of such an indemnity as the present. might be regarded as not differing in principle from the recovery of insurance, as *res inter alios*, with which the defendants were not concerned. If it be said that the whole transaction is one from a·business point of view, it is enough to, reply that the unity in this case is not sufficient to entitle the purchaser to recover, any more than the ultimate consumer who in turn paid an increased price. He has no privity with the carrier. *State* v. *Central Vermont Ry. Co.*, 81 Vermont, 459. See *Nicola, Stone & Myers Co.* v. *Louisville & Nashville R. R. Co.*, 14 I. C. C. 199, 207–209. *Baker Manufacturing Co.* v. *Chicago & North Western Ry. Co.*, 21 I. C. C. 605. The carrier ought not to be. allowed to retain his illegal profit, and the only one who can take it from him is the one that alone was in relation with him, and from whom the carrier took the sum. *New York, New Haven & Hartford R. R. Co.* v. *Ballou & Wright*, 242 Fed. Rep. 862. Behind the technical mode of. statement is the consideration well emphasized by the Interstate Commerce Commission, of the endlessness and futility of the effort to follow every transaction to its ultimate result. 13 I. C. C. 680. Probably in the end the public pays the damages in most cases of compensated torts.

The cases like *Pennsylvania R. R. Co.* v. *International Coal Mining Co.*, 230 U. S. 184, where a party that has paid only· the reasonable rate sues upon a discrimination because some other has paid less, are not like the present. There the damage depends upon remoter considerations. But here the plaintiffs have paid cash out of pocket that should not have been required of them,

and there is no question as to the amount of the proximate loss. See *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 412, 429. *Mills* v. *Lehigh Valley R. R. Co.*, 238 U. S. 473.

An objection is taken to the jurisdiction of this court upon writ of error. An application is made for a certiorari in case the objection is held good, and as we should grant the latter writ in that event the question has no importance here except as a precedent. We are inclined to take the course followed *sub silentio* in *Mills* v. *Lehigh Valley R. R. Co.*, and to treat cases brought under § 16 of the Act to Regulate Commerce which authorizes the joinder of all plaintiffs and all defendants as standing on a peculiar ground.

*Judgment affirmed.*