**HILLSBOROUGH MILLS v. BOSTON & M. R. R.**

(District Court, D. Massachusetts. January 3, 1921.)

No. 753.

1. **Commerce** &⊃89—**Claim for discrimination to be submitted to commission before action in court.**

    A claim by a shipper for damages occasioned by carrier's discrimination in absorbing in its rates switching charges from a pier used by the shipper's competitors, but not those from the shipper's pier, which had previously been held an unjust discrimination by the Interstate Commerce Commission, must be presented to the Commission before action thereon in the courts.

2. **Carriers** &⊃36—**Discrimination in favor of competitors not sufficient evidence of damage.**

    An order of the Interstate Commerce Commission, finding an unjust discrimination by the carrier in making a separate charge against a

&⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

shipper for switching from the pier used by him, while absorbing such charge from piers used by his competitors, is not sufficient evidence to authorize recovery of damages by the shipper, since the measure of his damages is not the amount of the unjust discrimination, but the amount by which such discrimination had injured him.

At Law. Action by the Hillsborough Mills against the Boston & Maine Railroad. Judgment for defendant.

Hill, Barlow & Homans, of Boston, Mass., for plaintiff.

George L. Mayberry and Archibald R. Tisdale, both of Boston, Mass., for defendant.

MORTON, District Judge. The facts are not in dispute and are as follows: The Commonwealth Pier is connected with the defendant's line by tracks of the Union Freight Railway and the New York, New Haven & Hartford Railroad; the National Dock, by the tracks of the New York Central & Hudson River Railroad. Under a contract, to which the defendant and the commonwealth of Massachusetts were parties, the defendant paid to the railroads connecting its line with the Commonwealth Dock their charges for delivering cars from that dock to the defendant and "absorbed" this payment in its own charges; i. e., it charged no additional rate because of such payment, and made the same rate on freight from the Commonwealth Pier as from its own pier. But the defendant did not absorb the corresponding charges of the connecting road for delivering cars to it from the National Dock, such charges being added to the regular tariff.

Before the present action was begun the National Dock Company made a complaint to the Interstate Commerce Commission against the Boston & Maine Railroad, charging discrimination by reason of the defendant's absorption of the connecting line charges to the Commonwealth Pier and its nonabsorption of them to the complainant's pier. After a full hearing the Commission decided that the charges complained of were—

"unduly prejudicial to the complainant and to shippers and receivers of freight moving in interstate or foreign commerce using its docks, from which undue prejudice the defendant, by an appropriate order, will be required to cease and desist." McChord, Commissioner, 38 Interst. Com. Com'n. R. 650.

There is no finding that the total charges by the Boston & Maine for transportation from the National Dock, including the switching charge, were unreasonable; and the action of the Commission, in directing a discontinuance of the absorption, but not a reduction in the rate, amounts, I think, to a finding that the rate per se was reasonable. No order for reparation was made. The decision determines finally that there was discrimination against the National Dock and shippers and receivers using it, directs that the discriminatory absorption should cease, and leaves the matter there. The result was to increase the rate from the Commonwealth Pier and leave it unchanged from the National Dock.

The decision of the Commission is challenged by the defendant, and questions as to the conclusiveness and correctness of it were argued; but they have been disposed of by Spiller v. Atchison, Topeka & Santa

269 F.—52

Fé Railway Co. et al., 253 U. S. 117, 40 Sup. Ct. 466, 64 L. Ed. 810 (May 17, 1920), and Seaboard Air Line Rwy. Co. v. U. S., 254 U. S. 57, 41 Sup. Ct. 24, 65 L. Ed. —— (Nov. 8, 1920). In the light of those cases the decision seems to me to have been clearly right.

The present plaintiff imported merchandise through the National Dock to its mills at Wilton, N. H., over the defendant's railroad; and it paid the charge for moving cars from the dock to the defendant's line. There is no question but what the amounts are as stated in the declaration. The plaintiff never made any complaint to the Interstate Commerce Commission; it proceeded directly against the defendant in this court after the decision by the Commission in the National Dock Case. The plaintiff has offered no evidence of damages, except the fact of the discrimination and the amounts of the switching charges which it paid.

The remaining questions are (1) whether the plaintiff has a right to proceed in this court without first complaining to the Interstate Commerce Commission; (2) whether there is sufficient proof of damages; and (3) whether the plaintiff's claim, if otherwise established, is barred by the special statute of limitations found in the act.

[1] As to (1): Discrimination against the plaintiff having been established, all that remains, aside from the statute of limitations, is the determination of the amount of damages, if any, which the plaintiff sustained. Must they be assessed in the first instance by the Commission? In Robinson v. B. & O. R. R., 222 U. S. 506, 32 Sup. Ct. 114, 56 L. Ed. 288, the rate in question, which made a distinction between coal loaded from wagons and coal loaded from tipples, had been held by the Commission to be unjustly discriminatory; and the railroad had been directed to desist from its enforcement. A shipper who had not been a party to the rate proceeding sued to recover his damages caused by the discrimination. It was held that he was not entitled to recover, because the record of the Commission—

"did not contain any finding or direction as to what if any, reparation should be made because of prior exactions of the rate which it condemned." Van Devanter, J., 222 U. S. 512, 32 Sup. Ct. 116, 56 L. Ed. 288.

It was further said that the distinction between a published rate which is unreasonable and one which is unjustly discriminatory was, upon the question whether the matter should be first submitted to the Commission, "immaterial."

In the later case of Pennsylvania Railroad Co. v. International Coal Mining Co., 230 U. S. 184, 33 Sup. Ct. 893, 57 L. Ed. 1446, Ann. Cas. 1915A, 315, the railroad made a difference in its charges between "free coal" and "contract coal." As the published rates made no such distinction, it was held to be unlawful on the face of the tariff. The Coal Company sued to recover damages therefor. The claim was not submitted to the Commission. It was held to come within section 8 of the Interstate Commerce Act (Comp. St. § 8572), and the railroad was held liable directly to action in the courts for damage caused by its departure from the published rate.

The plaintiff contends that this action is governed by the latter decision; the defendant, by the former. It seems to me that the defend-

ant is right. It did not depart from its published tariff; it acted in, good faith, openly, and under a contract with the commonwealth of Massachusetts. The facts which distinguished the International Coal Mining Case from the Robinson Case, and led to a different result, do not exist here. The point under discussion is, I think, settled by the Robinson decision. It follows that the plaintiff, not having submitted its claim to the Commission, cannot maintain this action. In the recent case of Southern Pacific Co. v. Darnell-Taenzer Lumber Co., 245 U. S. 531, 38 Sup. Ct. 186, 62 L. Ed. 451, which was an action to recover damages caused by an unreasonable rate, an application for reparation was first made to the Commission; and the practice of so doing is passed without comment, as if correct.

[2] This is enough to dispose of the present case. But as the second question, whether the mere fact that unlawful concessions of stated amounts were made to other shippers, is sufficient evidence on which to award damages to the plaintiff, may be regarded as involving a finding of fact by the trial court, it ought perhaps to be passed upon. In Penn. R. R. v. International Coal Mining Co., supra, where the plaintiff paid the legal rate, while other shippers were accorded an unlawfully preferential one, and the plaintiff sued for damages, it was held that the amount of the discrimination in favor of other persons was not the measure of the plaintiff's damages; that the damages must be proved, and the law "had not been so far developed as to settle what was the measure of damages" (Lamar, J., 230 U. S. 201, 33 Sup. Ct. 898, 57 L. Ed. 1446, Ann. Cas. 1915A, 315) ; that "the measure of damages was the pecuniary loss inflicted on the plaintiff as the result of the rebate paid. Those damages might be the same as the rebate, or less than the rebate, or many times greater than the rebate; but unless they were proved they could not be recovered" (230 U. S. 203, 33 Sup. Ct. 898, 57 L. Ed. 1446, Ann. Cas. 1915A, 315). Taking the opinion as a whole, the case holds, I think, that the amount of rebate alone— and this absorption was in effect an unlawful rebate—is not, as a matter of law, sufficient evidence on which to assess damages. As a matter of fact, I do not think it is sufficient in this case. The plaintiff paid no more than it was legally obliged to pay. There may have been disadvantages in using the Commonwealth Dock which more than offset the saving in transportation charges from it. Everything considered, it may have been as profitable to import over the National Dock and pay the switching charges, as over the Commonwealth Pier and not pay them. If so, the plaintiff's competitors, who used the Commonwealth Pier, gained no advantage by so doing, and the plaintiff sustained no damage because of the unlawful rate accorded them. See So. Pacific Co. v. Darnell-Taenzer Co., supra, 245 U. S. at page 534, 38 Sup. Ct. at page 186, 62 L. Ed. 451. It follows that on this ground, also, the plaintiff is not entitled to recover.

As all questions relating to the statute of limitations will be fully open on appeal, it is unnecessary for me to pass upon them.

My opinion has been delayed, because it seemed best to await the judgments of the Supreme Court in the Spiller Case, supra, and the Seaboard Air Line Railway Case, supra.

Judgment for defendant.