## WYOMING SUGAR CO. v. DAVIS, Director General of Railroads and Agent.

(District Court, D. Wyoming. August 15, 1925.)

No. 1451.

**1. Commerce ⟐95—Order of Commission prima facie evidence of facts found.**

In an action against a carrier on an award of damages, made to a shipper by the Interstate Commerce Commission because of overcharges, the order of the Commission is prima facie evidence of the facts therein found.

**2. Commerce ⟐91—No defense to action of shipper to recover on award of damages for overcharges that shipper included excessive rate paid in prices charged.**

It is no defense to an action against a railroad company on an award of damages made to a shipper by the Interstate Commerce Commission for overcharges that the shipper included the excessive rate paid in the prices charged its customers.

**3. Railroads ⟐5½, New, vol. 6A Key-No. Series — Federal control does not deprive shipper of right to interest, costs, and attorney's fees in suit for overcharges.**

In an action on an award of damages made by the Interstate Commerce Commission to a shipper for overcharges, the fact that at the time the railroad was being operated under federal control, under Act March 21, 1918, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j), does not deprive plaintiff on recovery of the right to interest and costs and the attorney's fee provided by Interstate Commerce Act, § 16, subd. 2 (Comp. St. § 8584).

At Law. Action by the Wyoming Sugar Company against James C. Davis, as Director General of Railroads and Agent. Judgment for plaintiff.

William E. Mullen, of Cheyenne, Wyo., and De Vine, Howell, Stine & Gwilliam, of Ogden, Utah, for plaintiff.

A. A. McLaughlin, of Washington, D. C., A. C. Campbell, of Cheyenne, Wyo., and Alex. M. Bull, of Washington, D. C., for defendant.

KENNEDY, District Judge. This is an action at law for the recovery of an alleged unreasonable rate collected of the plaintiff as transportation charges during the government control of railroads, being consequently brought against the Director General and Agent especially designated for

that purpose in pursuance of the Transportation Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The matter was submitted to the Interstate Commerce Commission, a hearing had, and an award made in favor of the plaintiff by that tribunal. Such award not having been met upon demand, this suit is brought under the statute for the recovery of the same.

The defense raises two questions, which appear to be: (a) That there is no proof of damage upon which a judgment may be based; and (b) that no interest, costs, and attorney's fees may be allowed, because the defendant represents a branch of the federal government.

[1] As before stated, the Interstate Commerce Commission made the award in favor of the plaintiff, finding that a certain overcharge in freight was unreasonable, and that the plaintiff was damaged thereby and entitled to recover as damages the excess over and above the reasonable rate. The Supreme Court has decided that the findings of the Commission are to be taken as prima facie evidence of facts stated in the report and order of that body, thereby sustaining the validity of the act of Congress to that effect. Meeker v. Lehigh Valley Railroad, 236 U. S. 412, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691; Mills v. Lehigh Valley Railroad, 238 U. S. 473, 35 S. Ct. 888, 59 L. Ed. 1414.

[2] The defendant, however, maintains in this case that, owing to the fact that evidence before the Commission affirmatively shows that the plaintiff, who was the shipper, simply added its charge for the product to the transportation charges, and collected both from the purchaser of the product, that the plaintiff suffered no damage, that the finding of the Interstate Commerce Commission was erroneous, in that there was no evidence upon which to base said finding, and that therefore plaintiff cannot recover here. The contention of the defendant as to the facts before the Commission does not seem to be disputed by plaintiff, but in spite of this maintains its right to recover here.

A similar situation seems to have arisen in the case of Southern Pacific Co. v. Darnell-Taenzer Lumber Co., 245 U. S. 531, 38 S. Ct. 186, 62 L. Ed. 451, from which opinion we quote:

"The only question before us is that at which we have hinted: Whether the fact that the plaintiffs were able to pass on the damage that they sustained in the first instance by paying the unreasonable charge, and to collect that amount from the purchasers, prevents their recovering the overpayment from the carriers. The answer is not difficult. The general tendency of the law, in regard to damages, at least, is not to go beyond the first step. As it does not attribute remote consequences to a defendant, so it holds him liable if proximately the plaintiff has suffered a loss. The plaintiffs suffered losses to the amount of the verdict when they paid. Their claim accrued at once in the theory of the law, and it does not inquire into later events. Olds v. Mapes-Reeve Construction Co., 177 Mass. 41, 44, 58 N. E. 478. Perhaps strictly the securing of such an indemnity as the present might be regarded as not differing in principle from the recovery of insurance, as res inter alios, with which the defendants were not concerned. If it be said that the whole transaction is one from a business point of view, it is enough to reply that the unity in this case is not sufficient to entitle the purchaser to recover, any more than the ultimate consumer who in turn paid an increased price. He has no privity with the carrier. State v. Central Vermont Ry. Co., 81 Vt. 459, 71 A. 193, 21 L. R. A. (N. S.) 949. See Nicola, Stone & Myers Co. v. Louisville & Nashville R. R. Co., 14 Interst. Com. Com'n R. 199, 207–209; Baker Manufacturing Co. v. Chicago & Northwestern Ry. Co., 21 Interst. Com. Com'n R. 605. The carrier ought not to be allowed to retain his illegal profit, and the only one who can take it from him is the one that alone was in relation with him, and from whom the carrier took the sum. New York, New Haven & Hartford R. R. Co. v. Ballou & Wright, 242 F. 862, 155 C. C. A. 450. Behind the technical mode of statement is the consideration, well emphasized by the Interstate Commerce Commission, of the endlessness and futility of the effort to follow every transaction to its ultimate result. 13 Interst. Com. Com'n R. 680. Probably in the end the public pays the damages in most cases of compensated torts."

The defendant has sought in argument and brief to distinguish this case from the case at bar. I must be frank to say that I am unable to follow the distinction contended for by counsel for defendant. To me the Darnell-Taenzer Case seems to say that, where the unreasonable charges are paid in the first instance by the shipper, but he is able to collect the amount of such overcharge from the purchaser, this is neverthe-

less the proximate damage to the shipper, which he may recover as damages, and gives as the reason that the carrier should not be allowed to retain an illegal profit, and that the shipper, being the only one in privity with the carrier, is the only one who can recover. The matter of actual and substantial damages because of excessive freight rate and competitive conditions forcing the shipper to accept lower prices, argued by counsel for defendant as an element in the case, is not discussed in the Darnell-Taenzer Case; but, apparently upon the bald principle that the plaintiffs had paid an unreasonable carriage charge, the court holds that "the plaintiffs suffered losses to the amount of the verdict when they paid." Both that case and the case at bar appear to be based upon the principle of "damage passed on." In that case the damage was "passed on," and still it was held that the plaintiff might recover. If the cases are to be distinguished, it would be well to have it done by the tribunal which has announced the apparently inflexible rule in the case cited.

[3] As to the question concerning interest, attorney's fees, and costs, it may be said in the first instance that the provision of statute for taxing an attorney's fee in a case of this character against common carriers has been sustained by the Supreme Court in Meeker v. Lehigh Valley, 236 U. S. 412, 433, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691. It is contended, however, by defendant, that, because the Director General is an officer in charge of a particular branch of the federal government, he is not subject to the payment of interest, attorney's fees, or costs, as would be the operating carrier. The act of Congress providing for federal control of railroads as a war-time measure (Act March 21, 1918, § 10, 40 Stat. 456 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115¾j]), provided that during said control, in suits against a carrier, no defense should be interposed upon the ground that the carrier was an instrumentality of the federal government. The Transportation Act of 1920 created an agency by which controversies arising during federal control might be liquidated, and in our opinion carries with it in spirit the law providing for federal control, to wit, that the agency of the government for this purpose should be amenable to the provisions of law applicable to common carriers.

For the reasons stated, this case having been submitted upon a written stipulation waiving a jury, the plaintiff may have judgment for the amount of the Commission's award, with interest, together with an attorney's fee fixed at $250, and costs to be taxed, reserving to defendant his proper exceptions in the premises.