## OLLIPHANT v. FLORIDA EAST COAST CAR FERRY CO.

No. 3760.

District Court, S. D. Florida, Jacksonville Division.

July 31, 1933.

Watkins, Asbill & Watkins, of Atlanta, Ga., and W. F. Rogers, of Jacksonville, Fla., for plaintiff.

Robert H. Anderson and John B. L'Engle, both of Jacksonville, Fla., for defendant.

STRUM, District Judge.

█ In an action at law, plaintiff sues to recover excessive charges said to have been exacted from him by the defendant, Florida East Coast Car Ferry Company, upon divers shipments of lumber from Key West, Fla., to points in the Republic of Cuba. As the shipments moved wholly in foreign commerce, the action is controlled by common-law principles; regulatory statutes being inapplicable.

In substance, the declaration alleges that the shipments originated at divers points north of Key West and moved over Florida East Coast Railway to the latter point, where bills of lading theretofore issued covering the rail haul were surrendered and ocean bills of lading issued on behalf of the defendant, Florida East Coast Car Ferry Company, covering the ocean haul to Cuba, and "showing plaintiff as consignor." That the freight rates for the ocean haul were exacted as a condition precedent to the issuance of bills of lading, and were unjust and unreasonable in violation of the ocean carrier's common-law duty to charge only reasonable rates. That the lumber shipped was the property of plaintiff, and that he paid the alleged extortionate charges which he now sues to recover. See Cullen v. S. A. L. Ry., 63 Fla. 122, 58 So. 182.

An amended eighth plea filed by defendant in substance avers that the lumber in question was purchased by plaintiff from third persons named in the original railroad bills of lading issued at points of origin of said shipments north of Key West; that the contracts of sale of said lumber between plaintiff and the sellers thereof provided for delivery to plaintiff f. o. b. designated points in the Republic of Cuba; that the original sellers of the lumber remained the owners thereof until delivery in Cuba, until which time plaintiff did not acquire legal title thereto; that in all the transactions complained of and until delivery of the shipments in Cuba, plaintiff was acting only as agent for the original shippers and sellers of the lumber; that notwithstanding the surrender of the original railroad bills of lading and issuance of new bills of lading at Key West for the ocean haul, plaintiff continued to recognize and perform his purchase contracts with the original shippers of the lumber and obtained credit upon the purchase price of the lumber for all ocean freight collected by the defendant from the plaintiff for the ocean transportation, as well as for all railroad transportation by connecting carriers; that by the means aforesaid plaintiff was fully reimbursed and made whole for the payments of freight made by him, now sued for; and that prior to the institution of this suit plaintiff was relieved of all liability and duty under the agency contracts under which he reshipped the lumber as agent for the original shippers.

Plaintiff demurs to and moves to strike the amended eighth plea.

█ The substance of the defense attempted by the plea in question is that plaintiff should not recover because in shipping the lumber plaintiff acted as agent for other persons by whom he has been reimbursed for the alleged overcharges made by defendant. But this is a collateral matter—res inter alios—remote from and wholly unconnected with the contract of carriage between plaintiff and defendant. Defendant accepted plaintiff as consignor, and contracted with him as such. Having dealt with plaintiff as consignor, the defendant is not concerned with collateral and unrelated transactions between plaintiff and other persons respecting the purchase of lumber, and defendant cannot claim the benefit of those dealings in order to absolve itself from the consequences of the tortious acts charged against it. A consignor may recover overcharges exacted by a carrier, even though the consignee actually pays the freight, when under the contract of sale the amount so paid is credited on the purchase price of the goods, which in principle is the case alleged by the amended eighth plea. Louisville & N. R. Co. v. Sloss-Sheffield Co., 269 U. S. 217, text 237, 46 S. Ct. 73, 70 L. Ed. 242, text 252.

If defendant had lost or converted the lumber, plaintiff, as consignor, could have recovered therefor. It would have been no defense that plaintiff was acting as agent for third parties in making the shipments as consignor. So if there had been an undercharge, plaintiff, as consignor, would have been liable for the difference. Louisville & N. R. Co. v. Central Iron Co., 265 U. S. 59, text 67, 44 S.

Ct. 441, 68 L. Ed. 900, text 903. The converse of that proposition is true as to an overcharge. Doughty-McDonald Co. v. A., T. & S. F. R. Co., 155 I. C. C. 47; Missouri Portland Cement Co. v. Director General, 88 I. C. C. 492, both cited approvingly by the Supreme Court in Adams v. Mills, 286 U. S. 397, 52 S. Ct. 589, 76 L. Ed. 1184.

Defendant was under a duty to plaintiff to exact only a reasonable charge for carriage. As was said in Southern Pac. Co. v. Darnell Lbr. Co., 245 U. S. 531, 38 S. Ct. 186, 62 L. Ed. 451, at page 455: "The carrier ought not to be allowed to retain his illegal profit, and the only one who can take it from him is the one that alone was in relation with him, and from whom the carrier took the sum." See, also, Adams v. Mills, 286 U. S. 397, 52 S. Ct. 589, 591, 76 L. Ed. 1184. The two cases last cited seem in principle to control the question here. As was said in Adams v. Mills: "Neither the fact of subsequent reimbursement by the plaintiffs from funds of the shippers nor the disposition which may hereafter be made of the damages recovered is of any concern to the wrongdoers. This proceeding does not involve a controversy between the consignors and the consignees; and the carriers cannot be allowed to import one into it." The carrier is, therefore, not concerned with rights or equities between plaintiff and the original shippers of the lumber. Louisville & N. R. Co. v. Sloss-Sheffield Co., supra.

The situation here is the same in principle as where an injured party recovers damages from a wrongdoer, as, for instance, for personal injuries, notwithstanding the injured party may be also indemnified by insurance. That the injured party is so indemnified is no concern of the wrongdoer, and no defense in an action for the tort. In So. Pac. Co. v. Darnell Lbr. Co., supra, it was said: "The general tendency of the law, in regard to damages at least, is not to go beyond the first step. As it does not attribute remote consequences to a defendant so it holds him liable if proximately the plaintiff has suffered a loss." To endeavor to follow every transaction to its ultimate result would be endless and futile.

If plaintiff recovers, he may be accountable to the third parties with whom he dealt in purchasing the lumber on the terms aforesaid, and who are alleged to have heretofore reimbursed him by deductions of freight charges from the purchase price. But neither is this any concern of the defendant carrier in defense of an action for overcharges upon shipments in which the plaintiff was consignor. L. & N. R. Co. v. Sloss-Sheffield Co., supra; Arizona Grocery Co. v. A., T. & S. F. R. Co., 284 U. S. 370, 52 S. Ct. 183, 76 L. Ed. 348.

Defendant claims that in making the shipments, plaintiff acted only as agent for third parties, which agency was terminated prior to suit, and plaintiff relieved of all liability under his agency contract. But plaintiff was recognized and accepted by the defendant as consignor of the shipments. As such he is entitled to recover overcharges. When the plaintiff acquired absolute title to the lumber is not material to the controversy. Even if he was only a bailee, if the carrier accepted him as consignor he would have such a special interest as would support an action by him for conversion, and upon the same principles an action for overcharge in rates. In any event, however, it is not disputed that plaintiff was consignor of these shipments, which entitles him to recover as against the defense attempted by the amended eighth plea.

Demurrer sustained.