**JOHNSON v. ATCHISON, T. & S. F. RY. CO. et al.**

**WHALEY v. COLORADO & S. RY. CO. et al.**

**GIBBERT et al. v. ATCHISON, T. & S. F. RY. CO. et al.**

**Nos. 4884, 4893, 4883.**

District Court, N. D. Texas, Dallas Division.

Jan. 4, 1937.

Thompson & Barwise, of Fort Worth, Tex., presenting demurrers.

Leffingwell & Dixon, of Dallas, Tex., opposed.

ATWELL, District Judge.

It is alleged that the shippers of the coal, in each case, paid the freight on f. o. b. shipments at the request of the consignee. The consignees, plaintiffs, complain that they are the only ones damaged, and that, therefore, they are entitled to recover under the Act of February 4, 1887, 24 Stat. 379, as amended (49 U.S. C.A. § 1 et seq.). That act provides that the charges for transportation of persons or property shall be "reasonable and just." Section 8 (49 U.S.C.A. § 8) provides that if any common carrier, subject to the provisions of the act, shall do, cause to be done, or permit any matter or thing prohibited or declared to be unlawful, it shall be liable to the person or persons injured.

The plaintiffs claim that they are the "persons injured." It is their contention that they are really the paying shippers, since they bought f. o. b. at the point of original freight prepaid.

Pretty much the same contention was made in Louisville & N. R. Co. v. Sloss-

Sheffield S. & I. Co., 269 U.S. 217, 218, 46 S.Ct. 73, 70 L.Ed. 242. There the shipment was f. o. b. and the buyer was billed on the seller's books at the full delivery price, and the consignee physically paid the freight upon the acceptance of the delivery. The court maintained the same rule established in (Southern Pac. Co. v. Darnell-Taenzer Lumber Co.), 245 U.S. (531, 38 S.Ct. 186, 62 L.Ed. 451). If there are equities between the buyer and seller, on the freight paid they can be adjusted among themselves. The carrier dealt with the shipper—the consignor—and not with the consignee. The payment of the freight by the consignor with an equal charge to the consignee does not alter the rule.

The Circuit Court of Appeals for the Ninth Circuit, in New York, N. H. & H. R. Co. v. Ballou & Wright, 242 F. 862, also treated an f. o. b. shipment, in the course of its opinion, in passing upon a case where the freight was paid by the consignee. The f. o. b. case (Nicola, Stone & Myers Co. v. L. & N. R. Co., 14 I.C.C. 199) was cited with approval. The f. o. b. case was a ruling by the Interstate Commerce Commission, which held that the "reparation [under the law] is due to the person who has been required to pay the excessive charge." The carrier cannot be heard to say that because the shipper or consignor, from whom the freight was collected, has on that account secured a higher price for the commodity from his purchaser that he has not been damaged.

In Adams v. Mills, 286 U.S. 397, 407, 52 S.Ct. 589, 76 L.Ed. 1184, the court said that the shipper would be liable for an undercharge and the shipper may, therefore, recover an overcharge. The claim for damages arises at the time the charge is paid. The fact of subsequent reimbursement to the shipper is no concern of the carrier—the wrongdoer. A proceeding under this statute does not involve a contract between consignor and consignee and the carrier cannot be allowed to import one into it.

I do not discover⁰ any change in the apparently settled rule of the decisions under the statute. The party who physically pays the freight is the party who has the cause of action. Southern Pacific Co. v. Darnell-Taenzer Lumber Co., 245 U.S. 531, 533, 38 S.Ct. 186, 62 L.Ed. 451. That is the amount that the carrier exacts, and if that amount is an undercharge, the carrier could recover. If there is an over-

charge, the payor can recover from the one to whom it was paid, namely, the carrier. If at the initial point of the shipment, the shipper pays, then the obligation of the statute applies at that point. If the consignee pays when receiving the freight he may recover, for it applies at that point. That obligation is not shifted by any contract or arrangement that may be in existence between the shipper and his consignee. If we accept this definite rule, for all shipments, confidence is fixed and the shipping and paying public will know how to protect themselves from any overexaction.

The demurrers are sustained.