562

GABBERT et al. v. ATCHISON, T. & S. F. RY. CO.*

JOHNSON v. SAME.

WHALEY v. COLORADO & S. RY. CO. et al.

Nos. 8567–8569.

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1937.

A. L. Reed and Frank A. Leffingwell, both of Dallas, Tex., for appellants.

Fred L. Wallace and Frank J. Wren, both of Fort Worth, Tex., and J. L. Rice, of Denver, Colo., for appellees.

Before FOSTER and HUTCHESON, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

These three cases present the same issues and were argued and submitted together. Appellants brought the suits against the various railroads named as defendants to enforce reparation orders the Interstate Commerce Commission had issued in their favor. They were dismissed

*Rehearing denied Feb. 1, 1938.

on general demurrers. The appeals are from those judgments.

With slight variations as to details, the petitions, in substance, allege: That petitioners bought coal in Colorado that was shipped to them to points in Texas over the lines of defendants; that under the terms of the sales, title passed to them when the coal was placed on board cars at shipping points in Colorado; that neither plaintiffs nor defendants could determine prior to the loading of shipments the exact amount of the charges which would be demanded for transportation and, as a matter of convenience to and at the request of plaintiffs, the consignors advanced the money necessary to pay the charges to defendants' agents at shipping points; that in so doing the consignors were acting as agents for plaintiffs; that thereafter plaintiffs reimbursed the consignors for the amounts paid; that the rates charged were unjust and unreasonable, in violation of section 1 of the Interstate Commerce Act, 49 U.S.C.A. § 1, to the extent that they exceeded $4.55 per ton; that defendants are common carriers subject to the provisions of that act; that plaintiffs filed formal complaints with the Interstate Commerce Commission; that after due hearing and investigation, the commission found that the charges were excessive, exorbitant, and unlawful and issued orders directing defendants to pay damages to plaintiffs. The petitions give full details as to the various shipments, including the rates charged, and sufficiently show that plaintiffs, not the sellers, were obliged to pay the freight. The reparation orders are copied in full, show the amounts of damages awarded and the names of the parties entitled to recover them.

As appears from a published opinion, Johnson v. Atchison, T. & S. F. Ry. Co., 17 F.Supp. 720, the District Court concluded that only the person who physically pays the freight has a cause of action to recover damages for an overcharge, basing his decision principally upon Southern Pac. Co. v. Darnell-Taenzer Lumber Co., 245 U.S. 531, 38 S.Ct. 186, 62 L.Ed. 451, and also citing Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U.S. 217, 46 S.Ct. 73, 70 L.Ed. 242.

Section 1 of the Interstate Commerce Act provides that all charges made for transportation of property by a carrier subject to its provisions shall be just and reasonable and every unjust and unrea-

sonable charge for such service or any part thereof is prohibited and declared to be unlawful. Section 8 of the act provides that a common carrier subject to the provisions of the act shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of any violation of the provisions of the Act. 49 U.S.C.A. §§ 1, 8.

The public is at a disadvantage in dealing with a carrier. The carrier may demand payment in advance of excessive charges or detain the goods under a lien until such charges are paid at destination. Neither shipper nor the consignee has any option as to this and no practical remedy except to sue to recover damages. In this connection the words of the statute above quoted are significant and clearly indicate the intention of Congress to allow damages to the person· upon whom the burden of the unlawful charge falls, regardless of who initially pays the freight to the carrier. He may be either the consignor or the consignee, according to the terms of the contract of sale.

The cases of Southern Pacific Co. v. Darnell-Taenzer Lumber Co. and the Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., supra, do not sustain the conclusions of the District Court. In fact, they are to the contrary. In both cases the shipments were f.o.b. destination, meaning that the seller and shipper were obligated to pay the freight. This does not clearly appear from the opinion of the Supreme Court in Southern Pacific Co. v. Darnell-Taenzer Lumber Co., but by the opinion of the Circuit Court of Appeals in the same case, 6 Cir., 221 F. 890–894, it is shown. It also appears that the consignor physically paid the freight. In Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., the consignee physically paid the freight for account of the shipper and was reimbursed. But the suit for damages was brought by the shipper and recovery was allowed. That case clearly decides that one who bears the burden of the illegal charges that are paid for his account by an agent may sue to recover the damages awarded him by a reparation order. The reparation orders are prima facie evidence that the rates charged were excessive and unlawful, that the damage had been suffered by plaintiffs, and that the amount awarded was correct. Meeker v. Lehigh Valley Railroad Co., 236 U.S. 412, 35 S.Ct. 328, 59 L.Ed. 644, Ann. Cas.1916B, 691.

The petitions sufficiently state a cause of action in plaintiffs and are not demurrable.

In each case the judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion, appellees to pay costs of appeal, including those incurred in the District Court in that respect.

Reversed and remanded.