37 F.Supp. 831 (1941)
H. E. MILLER OIL CO.
v.
SOCONY-VACUUM OIL CO., Inc., et al.
No. 535.
District Court, E. D. Missouri, E. D.
February 18, 1941.
Cullen Coil, of St. Louis, Mo., for plaintiff.
Samuel A. Mitchell, Richmond C. Coburn, and Richard D. Shewmaker, all of St. Louis, Mo., and R. L. Wagner, of Chicago, Ill., for defendant Shell Oil Co.
H. H. Thomas and Leon E. Isaksen, both of Madison, Wis., and Nelson W. Hartman, and Fordyce, White, Mayne, Williams & Hartman, all of St. Louis, Mo., for defendant Sinclair Refining Co.
William H. Zwick, of Ponca City, Okl., for defendant Continental Oil Co.
L. M. Treadwell, of New York City, for defendant Socony-Vacuum Oil Co. Inc.
R. H. Wills, of Tulsa, Okl. for defendant Mid-Continent Petroleum Corporation.
Rayburn L. Foster and Walter L. Barnes, both of Bartlesville, Okl. and Cecil L. Hunt, of St. Louis, Mo., for defendant Phillips Petroleum Co.
Cliff V. Peery, of Kansas City, Mo., for defendant Skelly Oil Co.
COLLET, District Judge.
The motion to dismiss is justified. It is not sufficient that plaintiff state that it is "in the business of distributing gasoline and petroleum products in the capacity generally known and designated as `jobber'", that defendants entered into a conspiracy to artificially raise and fix the tank car price of gasoline sold in interstate commerce, that the tank car price of such gasoline was so raised, that plaintiff from time to time purchased such gasoline at such prices, and that as a direct result thereof plaintiff has been damaged in the sum of $60,000. While the allegations of the complaint sufficiently charge the conspiracy, and the overt act of actually increasing the price of gasoline, it does not necessarily follow from plaintiff's allegation that it purchased gasoline at artificially maintained high prices that plaintiff's business as a jobber suffered. The situation now presented is not comparable to a personal injury case where the mere allegation of personal injury necessarily implies some pecuniary damage. For aught that appears from plaintiff's statement its business may have been greatly increased. It, therefore, does not appear from the complaint that plaintiff is entitled to the relief it seeks.
*832 The questions presented by the alternative motion for a more definite statement will probably be eliminated by amendment and need not now be determined.
The motion to strike the allegation of defendants' conviction presents a matter of little consequence. The pleadings are not evidence and may not be even read to the jury over objection. A statement of an evidentiary fact in a pleading which does not cloud the issues by reason of its redundancy is not worthy of defendants' efforts.
Plaintiff may amend within ten days or failing to do so suffer a dismissal of its complaint.
If plaintiff desires to controvert the facts set forth in the affidavits filed in support of defendant Skelly Oil Company's motion to quash the service upon it, plaintiff shall do so by affidavit within ten days from this date (see Rule 43(e), 28 U.S.C.A. following section 723c), otherwise that motion will be sustained.