**LEONARD v. SOCONY–VACUUM OIL CO., Inc., et al.**

**No. 132.**

District Court, W. D. Wisconsin.

Jan. 8, 1942.

Louis Karasik, of New York City, Gerald J. Boileau, of Wausau, Wis., and Hiram Z. Mendow, of Minneapolis, Minn., and Maurice J. Dix, both of New York City (Boileau & Loeffler, of Wausau, Wis., of counsel), for plaintiff.

D. T. Searls, of Chicago, Ill., H. H. Thomas, of Madison, Wis., W. H. Dougherty, and Stanley M. Ryan, of Janesville, Wis. (Vinson, Elkins, Weems & Francis, of Houston, Tex., Thomas, Orr & Isaksen, of Madison, Wis., and Nolan, Dougherty, Grubb & Ryan, of Janesville, Wis., of counsel), for defendants.

STONE, District Judge.

Defendants have moved the Court for a summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing certain particular claims of damages as set out in plaintiff's complaint.

The complaint alleges that plaintiff is a jobber of gasoline at Lidgerwood, North Dakota, and buys gasoline at wholesale prices for resale; that defendants were convicted of a conspiracy in which they were charged with violating the anti-trust laws in the "Madison oil case", United States v. Standard Oil Co., D.C., 23 F.Supp. 937, which judgment was sustained by the United States Supreme Court, United States v. Socony-Vacuum Oil Co., Inc., et al., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; that plaintiff as such jobber of gasoline in the area referred to in the complaint, operated during the period referred to in the complaint bulk storage plants conveniently located to serve gasoline by truck and to gas stations.

The wording used in the allegation of the conspiracy in plaintiff's complaint is substantially the same as was used in the indictment in the criminal case above referred to. Plaintiff alleges that by reason of the two buying programs carried on by the defendants, a floor was sustained under the spot market, prices thereby arose, and jobbers in the Midwest area as a result paid a higher price for their gasoline.

This motion is concerned only with the gasoline that plaintiff resold, and is directed to plaintiff's claims for damages as follows:

Paragraph 45:

"(b) That by reason of the unlawful acts and conduct of the defendants, plaintiff was compelled to and did pay high prices for gasoline above the fair market price which would have existed had there been no conspiracy;

"(e) Plaintiff has been compelled to purchase gasoline in said Mid-Western area at a higher price than plaintiff would

have under competition with normal market conditions."

These are the two claims of injury to plaintiff's business and property which are challenged by defendants' motion. Defendants contend that an allegation in a complaint by a gasoline jobber, who buys and resells gasoline, that he paid a higher purchase price by reason of a conspiracy without alleging that his selling price was not correspondingly increased, does not state a claim which entitles him to relief. Plaintiff contends that he is entitled to damage herein solely because of the conspiracy and the resultant increase to him of the buying price of gasoline purchased, regardless of whether or not such increase was passed on to plaintiff's customers by a corresponding increase in plaintiff's selling price.

This question was decided in the case of Twin Ports Oil Company v. Pure Oil Co., 8 Cir., 1941, 119 F.2d 747, 750, certiorari denied Oct. 13, 1941, 62 S.Ct. 84, 86 L.Ed. —; motion for rehearing denied November 10, 1941, 62 S.Ct. 176, 86 L.Ed. —. In that case, the plaintiff was a gasoline jobber and his claim for damages was based upon the conspiracy in the "Madison Oil case", the same as in the case at bar. The Court of Appeals for the Eighth Circuit said: "There was Cox's testimony, however, that, as a result of this buying program, the tank car prices of gasoline had been raised by a little over two cents per gallon. Of course this could in any event result in no damage to appellant, absent proof that its selling price was not correspondingly increased, * * *".

Other cases in point are H. E. Miller Oil Co. v. Socony-Vacuum Oil Co., Inc., et al., D.C.Mo.1941, 37 F.Supp. 831; Keogh v. Chicago & Northwestern Railway Co. et al., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183.

The decision in the Twin Ports case is binding on this Court. If the question were before me as an original proposition, I would reach the same conclusions as did the Circuit Court of Appeals for the Eighth Circuit. A person is not entitled to recover treble damages under the Anti-trust Law unless he alleges and proves an injury to his business or property. 15 U.S.C.A. § 15.

The mere allegation of a conspiracy is insufficient. Glenn Coal Co. v. Dickinson Fuel Co. et al., 4 Cir., 72 F.2d 885. Plaintiff is a middleman and jobber and has not necessarily suffered any damage by the payment of an increased price for gasoline. The increase may have been passed on to his customers. The jobber's situation and right to recover from defendants herein is dependent upon both his buying and selling prices, and allegations in the complaint concerning only one of such prices is of no significance in determining the question of injury to the jobber's business or property. The burden is on the jobber to allege and prove the facts with respect to his selling price as well as his buying price.

The cases relied upon by plaintiff in defense of defendants' motion are not applicable. In the case of Straus et al. v. Victor Talking Machine Co. et al., 2 Cir., 297 F. 791, the plaintiff was forced, as a result of the alleged combination, to buy his merchandise at retail prices while his competitors were permitted to buy the same kind of merchandise at wholesale prices. The plaintiff could not pass on this increase in price as he was required to sell at retail prices. He clearly sustained an actual pecuniary loss.

In the case of Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, the city of Atlanta purchased water pipe and paid a price in excess of its reasonable worth as a result of an illegal combination. The water pipe was purchased for its own use in its own water system and was not purchased for resale. The city was a consumer and did not pass on the increase in price.

The cases of Adams v. Mills, 286 U.S. 397, 52 S.Ct. 589, 76 L.Ed. 1184, and Southern Pacific Company v. Darnell-Taenzer Lumber Co., 245 U.S. 531, 38 S.Ct. 186, 62 L.Ed. 451, are not applicable because in the decisions in those cases the Court was applying and interpreting the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., which is a fundamentally different enactment from the Clayton Anti-Trust Act, 38 Stat. 730. The Interstate Commerce Act insures recovery for departure from the published tariffs. In those cases the illegal, unreasonable, excess charge is definitely and specifically found by the Commission in its order, and its repayment to the one who has suffered the loss by such overpayment is fixed.

The suggestion of the plaintiff that the United States Supreme Court, in the case of United States v. Socony-Vacuum Oil

Co. et al., above referred to, decided the issue now before this Court in favor of plaintiff's contention, is unsound. The Supreme Court in that case was concerned only with what constituted a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and not with the civil consequences attendant thereon.

The true claims of the plaintiff, without disguise, should be set forth in his complaint concisely and directly. If there is, within the knowledge of the plaintiff, proof that may be submitted by the plaintiff or elicited by the defendants on cross-examination, that brings plaintiff within the ruling of the Twin Ports case, this Court should be so apprised by plaintiff before the commencement of the trial or before a pre-trial conference is had. The Court desires to meet this matter in a practical manner and has no inclination to become involved in a trial which may consume weeks and months of the Court and jury's time and entail great expense to both parties, with the possibility of being confronted with testimony, before or after plaintiff has rested his case, that he passed the increased price charged to him on to his customers. If that was done, then, in the Court's opinion, he cannot recover the amount of the increased price from the defendants.

Whether plaintiff increased the price of gasoline sold to his customers and what that increase was, if any, is information now within plaintiff's knowledge, and nothing but a waste of the Court's time and increased expense to the parties can result from the withholding of that information from the Court and the defendants by the plaintiff. It is clear to this Court that if the increase in price to plaintiff was passed on by him to his customers, he has suffered no pecuniary loss or injury to his business or property. The plaintiff can, by a simple and direct allegation, enlighten this Court as to whether the increased price for gasoline that he is alleged to have paid as a result of the conspiracy, or any part of it, was passed on to his customers. With this information, the Court may direct the order of proof and expedite the trial and disposition of this action. Vogt v. State Bank of Madison, Wisconsin, 7 Cir., 81 F.2d 700.

Defendants' motion for a summary judgment dismissing that portion of the plaintiff's claim referred to herein is granted, and the case will stand for trial on the other issues. Plaintiff may amend his complaint within thirty (30) days in accordance with this opinion and the judgment of the Court filed herewith.