**STATE OF WASHINGTON et al., Plaintiffs,**

v.

**GENERAL ELECTRIC COMPANY, Allis-Chalmers Manufacturing Company and Westinghouse Electric Corporation, Defendants.**

**Civ. A. No. 5380.**

United States District Court
W. D. Washington, N. D.

March 31, 1965.

Joseph L. Alioto and Guido Saveri, San Francisco, Cal., John J. O'Connell, Atty. Gen., George Faler, Asst. Atty. Gen., State of Washington, Seattle, Wash., Darrell E. Ries, Moses Lake, Wash., for plaintiff Public Utility Dist. no. 2 of Grant County, Wash.

Morris M. Doyle and Frederic A. Sawyer, San Francisco, Cal., Bertram L. Metzger, Jr., Seattle, Wash., Wesley Whitney, New York City, for defendant General Electric Co.

Payne Karr, John F. Kruger and Llewellyn G. Pritchard, Seattle, Wash., for defendant Allis-Chalmers Mfg. Co.,

W. R. McKelvy and Michael Mines, Seattle, Wash., for defendant Westinghouse Electric Corp.

BOLDT, District Judge.

Defendants have moved for summary judgment under Rule 56, F.R.Civ.P. on treble damage claims asserted by plaintiff Public Utility District #2 of Grant County, Washington. The matter has been exhaustively and ably briefed and argued.[1]

The basic facts are not in serious dispute though the factual and legal implications of these facts are sharply controverted. Briefly stated, plaintiff utility district awarded a contract for an electric power project which included a dam, a hydro-electric power plant and related transportation facilities to Grant County Contractors, a joint venture apparently organized to bid on plaintiff's project. The ten generators which are the subject of this motion were purchased from defendant General Electric by Contractors for use as part of the much larger project. General Electric was fully aware that Contractors intended to install the generators in the Grant County project and even actively solicited the order from the utility district and its power customers. Whether for present purposes Contractors may be treated as a mere conduit for Grant County is a mixed legal and factual question which remains unresolved by the agreed upon facts and present legal doctrines.

The Court is mindful that summary judgments are to be granted with utmost caution and only where a trial would be fruitless. The guidance of the Court of Appeals for this Circuit in Cox v. American Fidelity & Casualty Co., 249 F.2d 616, 618 bears repeating here and alone could be dispositive of this motion:

"The procedure for summary judgment under Rule 56 of the Fed-

1. The relevant leading cases not otherwise referred to in this memorandum include: Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906); Loeb v. Eastman Kodak Co., 183 F. 704 (C.A. 3 1910); Conference of Studio Unions et al. v. Loew's, Inc., et al., 193 F.2d 51 (C.A.9 1951), cert. den., 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687 (1952); Hanover Shoe, Inc. v. United Shoe Machinery Corp., 185 F.Supp. 826 (M.D. Pa.1960), aff'd. 281 F.2d 481 (C.A.3 1960), cert. den., 364 U.S. 901, 81 S.Ct. 234, 5 L.Ed.2d 194 (1960); and Harman v. Valley National Bank of Arizona et al., (C.A.9 1964), 339 F.2d 564.

eral Rules of Civil Procedure, 28 U.S.C.A. was intended to avoid a useless trial, that is, a trial when it appears on the record that there is no issue as to any material fact, and there is only a question of law as to whether the moving party should have judgment. When confronted with a motion for summary judgment, the trial judge must determine if there are any material factual issues that should be resolved before the trier of fact. It is not the trial judge's function, under Rule 56, to resolve those issues or to weigh the evidence. * * * 'Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them.'

"The summary judgment procedure under Rule 56 has been widely commented upon by all the circuits, but perhaps the best statement on the applicability of the rule was made by * * * the Second Circuit, when [it] elaborated on the 'slightest doubt' rule enunciated by the First Circuit as follows:

'We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts * * *. Such a judgment, wisely used, is a praise-worthy time-saving device. But, although prompt dispatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. * * *' "

■ An alternative ground of decision is the Court's view on the merits of the issue presented. On the one hand the law generally takes only the first step and considers solely effects on the parties directly involved. As stated in Southern Pacific Company et al. v. Darnell-Taenzer Lumber Company et al.,

245 U.S. 531, 533–534, 38 S.Ct. 186, 62 L.Ed. 451 (1917):

"The general tendency of the law, in regard to damages at least, is not to go beyond the first step. As it does not attribute remote consequences to a defendant so it holds him liable if proximately the plaintiff has suffered a loss. * * * "

Exceptions to this rule have, however, been recognized under unusual fact situations. For example, the Court of Appeals for the Seventh Circuit in Commonwealth Edison Company et al. v. Allis-Chalmers Manufacturing Company et al., 335 F.2d 203, 208 (1964) recognized that the ultimate consumers in the Oil Jobber cases "presumably had independent rights to recover from the oil companies."

■ The facts in this case are the opposite side of the coin to those in Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358, 362 (9th Cir. 1955), (treble damage action by manufacturer of automobile polish against producer of petroleum products). In Karseal, defendant's motion to dismiss was denied, although plaintiff sold through distributors rather than directly to the gasoline stations who had allegedly been forced to boycott plaintiff's product. The Court of Appeals held that the issue of standing to sue should not turn on whether the manufacturer sold directly through salesmen or indirectly through distributors. Similarly, this Court is unwilling to deny plaintiff its right to sue merely because it purchased the equipment through a third party rather than directly from the manufacturer. Whether the third party as well would have a right of action is not presented for decision. The statutory language giving the right of action to, "*Any* person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws * * * " should, however, be borne in mind. (Emphasis supplied.)

Defendants' motion for summary judgment is accordingly herewith denied.