**OREGON METALLURGICAL CORPORATION, Plaintiff—Appellant,**

v.

**BURLINGTON NORTHERN & SANTA FE RAILWAY COMPANY; et al., Defendants—Appellees.**

No. 03–35194.

D.C. No. CV–01–01052–HA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided May 25, 2004.

O. Meredith Wilson, Jr., Lane Powell Spears Lubersky, LLP, Portland, OR, Michael B. King, Lane Powell Spears Lubersky L.L.P., Seattle, WA, for Plaintiff–Appellant.

Richard J. Magid, Frank J. Mastro, Whiteford Taylor & Preston, LLP, Baltimore, MD, Thomas W. Brown, Wendy M. Margolis, Cosgrave Vergeer Kester, LLP, Portland, OR, for Defendants–Appellees.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM [*]

Oregon Metallurgical Corporation (OreMet) appeals the district court's summary judgment in its action seeking damages from Burlington Northern & Santa Fe Railway and CSX Transportation Company for breach of contract and common carrier liability. OreMet filed this action under the Carmack Amendment, 49 U.S.C. § 11706, asserting that the railroads failed to deliver titanium tetrachloride ($TiCl_4$), used to manufacture titanium sponge, to OreMet with reasonable dispatch, resulting in lost productivity and increased feedstock costs.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *United States v. City of Tacoma,* 332 F.3d 574, 578 (9th Cir.2003). We reverse and remand.

■ Carmack Amendment damages are "the actual loss or injury to the property." 49 U.S.C. § 11706(a); *Neptune Orient Lines, Ltd. v. Burlington N. & Santa Fe Ry. Co.,* 213 F.3d 1118, 1120 (9th Cir.2000). The district court granted summary judgment for the railroads, holding that OreMet had not suffered any actual damages because OreMet sold the titanium sponge that it manufactured to a sister corporation at cost. This misconceives the damage claimed by OreMet. OreMet came forward with evidence that it was damaged by the loss of its ability to produce as much titanium sponge as it desired due to the late shipments of the raw material.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This is sufficient evidence of damage to withstand summary judgment. The measure of this damage is a question of fact to be resolved at trial.

■ In addition, the district court erred in applying a pass-through defense to OreMet's damage claims. The authority relied upon, the Supreme Court's decision in *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 494, 88 S.Ct. 2224, 20 L.Ed.2d 1231 (1968), merely recognized that there "might" be situations when a pass-through defense may be recognized in the context of a private action for damages under the antitrust laws, where it ordinarily is *not* recognized. In the context of a railroad overcharge claim, the Supreme Court has specifically held that a pass-through defense should not be recognized:

> The only question before us is that at which we have hinted: whether the fact that the plaintiffs were able to pass on the damage that they sustained in the first instance by paying the unreasonable charge, and to collect that amount from the purchasers, prevents their recovering the overpayment from the carriers. The answer is not difficult. The general tendency of the law, in regard to damages at least, is not to go beyond the first step. As it does not attribute remote consequences to a defendant so it holds him liable if proximately the plaintiff has suffered a loss. The plaintiffs suffered losses to the amount of the verdict when they paid. Their claim accrued at once in the theory of the law and it does not inquire into later events.

*Southern Pac Co. v. Darnell–Taenzer Lumber Co.*, 245 U.S. 531, 533–34, 38 S.Ct. 186, 62 L.Ed. 451 (1918). The same approach should apply here.

REVERSED AND REMANDED.