W. E. HEDGER TRANSPORTATION CORPORATION, Respondent, and WILLIAM E. HEDGER, Appellant-Respondent, v. IRA S. BUSHEY & SONS, INC., et al., Respondents, and FRANCIS S. BUSHEY et al., Appellants-Respondents.— Action for: (1) accounting; (2) reformation or cancellation of certain instruments executed by the individual and corporate plaintiffs or either of them to the defendants or any of them, and (3) to recover damages of $600,000. Plaintiff William E. Hedger appeals from an order dismissing his complaint as against all the defendants upon the ground that it does not state facts sufficient to constitute a cause of action. Defendants Francis S. Bushey and Raymond J. Bushey appeal from an order denying their motion to dismiss the complaint of the corporate plaintiff as to them, for legal insufficiency. Defendant Tug Claremont Corporation appeals from an order denying its motion to dismiss the complaint of the corporate plaintiff as to it, made upon the same ground. Orders severally affirmed, without costs, on the opinion of Mr. Justice SMITH at Special Term. (186 Misc. 758.) Lewis, P. J., Hagarty, Johnston, Aldrich and Nolan, JJ., concur.

In the Matter of the Arbitration between LUCILLE RICHMAN et al., Appellants, and WILLIAM L. WENGRAF et al., Respondents.— Proceeding to compel arbitration of a certain agreement dated May 15, 1945, for the formation of a New Hampshire corporation and the operation by that corporation of a children's camp. Orders entered January 4, 1946, and January 31, 1946, denying appellants' application, insofar as appealed from, affirmed, with $50 costs and disbursements. No opinion. Lewis, P. J., Johnston and Aldrich, JJ., concur; Adel and Nolan, JJ., dissent and vote to reverse the orders and to grant the motion for an order directing arbitration, with the following memorandum: The arbitration clause covers any dispute or disagreement with reference to the interpretation of the agreement or the execution thereof. The word "execution" obviously means performance. If there is doubt as to this, the question is one of interpretation.

MIDDLETOWN MERCHANTS BUILDING, INC., Respondent, v. ROCKLAND LIGHT AND POWER COMPANY, Appellant.— In an action to recover damages for injury to plaintiff's property, defendant appeals from so much of an order dated December 10, 1945, as granted plaintiff's motion to vacate certain items in a demand for a bill of particulars made by defendant; and from specified portions of an order dated January 23, 1946, insofar as it denied defendant's motion for an additional bill of particulars. Orders, insofar as appealed from, affirmed, with one bill of $20 costs and disbursements to respondent. No opinion. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.