HANOVER SHOE, INC., Appellee.

v.

UNITED SHOE MACHINERY CORPO-
RATION, Appellant.

No. 13198.

United States Court of Appeals
Third Circuit.

Argued June 23, 1960.

Decided June 30, 1960.

Ralph M. Carson, New York City (Theodore Kiendl, New York City, Lewis H. Van Dusen, Jr., Philadelphia, Pa., Robert D. Salinger, Boston, Mass., Louis L. Stanton, Jr., William K. Muir, Jr., New York City, on the brief), for appellant.

Breck P. McAllister, New York City (Nogi, O'Malley & Harris, Scranton, Pa., Donovan, Leisure, Newton & Irvine, New York City, on the brief), James V. Hayes, New York City, Russell J. O'Malley, Scranton, Pa., Robert F. Morten, New York City, for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

In this suit brought under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, for alleged injury resulting from claimed violation of Section 2 of the Sherman Act, 15 U.S.C.A. § 2, by defendant there was before the district court for trial as a separate issue the question of "Whether the excessive shoe machinery costs alleged by the plaintiff and denied by the defendant constituted an injury to plaintiff's business or property." The quoted from consented to order further provided that the determination of the separate issue would proceed on the assumption "that the violation of the law as alleged existed, and (2) that the excessive cost of machinery as alleged existed." The sole defense to that assumed state of facts was that plaintiff passed along defendant's excessive charges to its customers and therefore was not injured.

The district court in a thoroughly convincing opinion rejected the proposition advanced by defendant as contrary to the language and purpose of the governing law. Appellant also asserts that the trebled damages called for by Section 4 would result in a windfall to plaintiff. Congress, in line with its effort to eliminate the sort of monopolistic practice here revealed imposed this rigorous penalty. The assumed situation before the district court is scarcely to be called sui generis but if by any chance it should be so categoried then any modification of Section 4 to fit the particular circumstances would be for the Congress.

The order of the district court will be affirmed on the opinion of that court, D.C. M.D.Pa.1960, 185 F.Supp. 826.