**Mary Frances HENRY, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

**Civ. No. 9540.**

United States District Court
N. D. New York.

July 6, 1964.

John F. Henry, Mattydale, N. Y., for plaintiff.

Costello, Cooney & Fearon, Syracuse, N. Y., for defendant, Charles E. Cooney, Jr., Syracuse, N. Y., of counsel.

BRENNAN, District Judge.

The defendant moves to dismiss the complaint herein under the provisions of Rule 12, F.R.Civ.P. In support of the motion, defendant makes two contentions—(1) that the claim set forth in the complaint did not accrue within three years before the commencement of the action and is barred by the statute of limitations and (2) that plaintiff, as the alleged principal stockholder of McDonald Acceptance Corporation, has no claim or capacity to sue as an individual stockholder to recover the value of the assets of the said corporation alleged to have been converted by the defendant.

The action was commenced by the filing of a complaint in the Clerk's office on June 7, 1963. The complaint alleges that on or about June 1, 1960, the defendant converted to its own use the McDonald Chevrolet Agency, situated at Santa Rosa, California, of the value of two million dollars, the property of the plaintiff. The pleading covers about one-half of a sheet of legal paper and is an example of the "general notice-giving" requirement of our rules. Hickman v. Taylor, 329 U.S. 495 at 501, 67 S.Ct. 385, 91 L.Ed. 951. No fault is found with the sufficiency of the complaint, taken alone, which seems to comply with official form number 11.

It was early determined that defendant must avail itself of the afforded avenues of discovery which are appropriate under the type of liberal pleading here. Conley v. Gibson, 355 U.S. 41 at 47, 78 S.Ct. 99, 2 L.Ed.2d 80. Both litigants undertook discovery proceedings which were suspended by motions made to this court. A pretrial conference was held and an order was entered which, so far as pertinent here, required the disclosure of information as to the nature and interest of the plaintiff in the claim which she presented, including the approximate time and place in which she obtained such interest. The plaintiff, in response to the order, bases her interest in the litigation upon the claim that she is the principal stockholder of the McDonald Acceptance Corporation which "owned" and operated McDonald's Chevrolet Company. She claims that the stock of Marvin C. McDonald, former principal stockholder of the McDonald Acceptance Corporation, was transferred to her between the 20th day of December 1959 and the 28th day of February 1960. Plaintiff also asserts that the McDonald Acceptance Corporation has been dissolved and urges that the corporate entity should be ignored for the purpose of maintaining this action.

It developed in the discovery proceedings and upon the pretrial hearing that there were many facets of this litigation which may well raise legal questions as to the maintenance of this cause of action. Although the motion would seem to involve rather narrow issues, brief reference is made below to the factual background, since the plaintiff's brief recites same in detail.

The McDonald Chevrolet Company was an automobile garage and sales agency conducted at Santa Rosa, California, by petitioner's father, Marvin C. McDonald, who transacted business under the above name in the disposition of automobiles manufactured by the defendant. The business of that agency, insofar as the defendant was concerned, was conducted under a written franchise agreement which, by its terms, was not assignable and terminated upon the death of McDonald. Prior to his death, the McDonald Acceptance Corporation had been formed, the purpose of which is not clearly disclosed. Upon the death of McDonald, which occurred in early 1960, the franchise agreement with the defendant expired by its terms after an extension had been given by the defendant. The executor of the estate of McDonald then proceeded to liquidate the Chevrolet Company and to dissolve the Acceptance Corporation. It is contended that the Acceptance Corporation never issued any stock and never possessed assets other than certain stock certificates transferred to it by McDonald in his lifetime.

It seems to be the plaintiff's present contention that an oral agency agreement existed between the Acceptance Corporation and the defendant and that certain employees of the defendant and former employees of the Chevrolet Company entered into an arrangement whereby the alleged agreement with the Acceptance Corporation was converted by the defendant and redistributed to certain interested parties. It seemed plain that extensive discovery proceedings would be necessary to determine the facts as to the existence of any agreement with the defendant as alleged by the plaintiff, the status of the Acceptance Corporation and the issuance of the stock thereof, together with the alleged transfer of the stock to the plaintiff which would require effort and expense on the part of the litigants, all of which might be avoided by this motion. The alternative seemed to be to wait until the discovery proceedings had terminated and to test the pleading and claim by motion for summary judgment based upon the information disclosed by discovery evidence.

An amended answer was served which set out affirmative defenses. Included therein, the defendant alleges that plaintiff has no capacity to sue and that the action is barred by the statute of limitations. Both of said contentions are before this court on this motion.

■ It seems plain to this court that plaintiff may not maintain this action, in conversion, solely upon her status as the principal stockholder of the Acceptance Corporation. The principal item alleged to have been converted is described by the plaintiff in response to the pretrial order as "The chevrolet dealership agreement * * * between General Motors Corporation and McDonald Acceptance Corporation." Without doubt, such agreement, assuming its existence was the property of the Acceptance Corporation and as an asset thereof, was held for the benefit of all stockholders. It was the corporation's property and if a wrong was committed whereby its value was lost, such loss was that of the corporation and not the loss of the stockholders even though the result thereof might diminish the value of their stockholdings.

This principle of law is so well known and uniformly followed that any extensive discussion of judicial precedents is unnecessary. Our own Circuit Court in Green v. Victor Talking Machine Co., 24 F.2d 378 held at 380, 59 A.L.R. 1091 that even a sole stockholder has no independent right which is violated by the conversion of the corporation's property and he therefore cannot sue the tort feasor in an action at law. As far as this court can discover, the above general rule has been uniformly applied as a general principle of law by both state and federal courts. The above decision has been cited in federal court decisions. Brictson v. Woodrough, 8 Cir., 164 F.2d 107 and with others in W. E. Hedger Transportation Corp. v. Ira S. Bushey & Sons, 186 Misc. 758 at 763, 61 N.Y.S. 2d 876, affirmed 270 A.D. 912, 61 N.Y.S. 2d 882. The latter decision is cited in All States Warehousing Inc. et al. v. Mammoth Storage Warehouses Inc., 7 A. D.2d 714, 180 N.Y.S.2d 118, and in United States v. Standard Oil Co. of California, 155 F.Supp. 121 at 152. Further discussion of this principle is hardly necessary.

■ The plaintiff seems to recognize the above rule but urges that same is not applicable here. No authority is cited as so holding. The decisions cited by plaintiff have not been ignored but they are not relevant since they involve either stockholders' actions or actions in which the tort feasor has inflicted a wrong upon a stockholder as an individual who has suffered a loss through the breach of a duty owed to that individual as distinguished from that owed to the corporation. Both litigants cite the decision in Greenfield v. Denner, 6 A.D.2d 263, 175 N.Y.S.2d 918, affirmed, as far as pertinent here, in 6 N.Y.2d 867, 188 N.Y.S.2d 986, 160 N.E.2d 118, upon the dissenting opinion of Justice Breitel in

the court below. Reference to that opinion shows that the general principle of law to the effect that the cause of action here may not be maintained by an individual stockholder is reiterated. Individual action may only be maintained where "fraud, deceit or bad faith" have been practiced upon him as an individual. "Thus, unless there is direct damage personal to plaintiff, he may not sue in his individual capacity". Plaintiff here does not bring herself within the above rule.

Neither is the contention by the plaintiff valid that the corporate form of the Acceptance Corporation may be ignored. Although dissolved, the Acceptance Corporation exists under California law for the purpose of suing or being sued and if the corporation has been wronged, it has a remedy. That remedy may not be fragmented so that every stockholder would have a cause of action. The corporate form may not be ignored because there is no allegation that the corporation was formed or used as a subterfuge or as a medium for a fraud upon plaintiff. W. E. Hedger Transp. Co. v. Ira S. Bushey & Sons, supra, 186 Misc. at 764, 61 N.Y.S.2d 876 followed in United States v. Standard Oil of California, supra, 155 F.Supp. at 152–153.

From the above discussion, it necessarily follows that the motion must be granted because the plaintiff, as a stockholder, may not maintain this action. It would therefore seem more appropriate to allow this decision to rest on the above ground rather than at this point to decide the availability of the defense of the statute of limitations. In any event, the contention may rest upon facts which, at this time, are not fully developed. The availability of the statute as a defense will not be decided here and is without prejudice to the renewal of the contention at an appropriate time.

It is concluded that the motion to dismiss plaintiff's complaint should be and is granted, and it is

So ordered.