Kenneth I. HERMAN, as Trustee for the benefit of Sheril Esta Kupfer, Plaintiff,

v.

Charles W. STEADMAN, Norman L. Mansfield, Howard Boyd, Frederick M. Glass, Robert W. Fleming, David R. Grace, Albert C. Meyer, Rockwell A. Schnabel, Harry C. Mills, Merle Thorpe, Jr., William R. Wright, Frederick H. Warren, Ralph W. Halsey, Jr., Steadman Security Corporation, the Steadman Corporation of America, Republic Securities Corporation, and Steadman Investment Fund, Inc., Steadman's Shares in American Industry, Inc., Steadman Science and Growth Fund, Inc., John Doe, Smith Corporation, "Robert Roe", numbers 1 and 2, Defendants.

No. 69 Civ. 2660.

United States District Court,
S. D. New York.

Sept. 30, 1970.

Rosenthal & Gurkin, New York City, for plaintiff; Ira Jay Sands, New York City, of counsel.

Roth Carlson, Kwit, Spengler & Mallin, New York City, for Charles W. Steadman, Frederick M. Glass, David R. Grace; Robert S. Carlson, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for Steadman Sec. Corp., Steadman Corp. of America; James J. Hagan, Melvyn L. Cantor, New York City, of counsel.

Burke & Burke, New York City, for Steadman Science and Growth Fund, Inc., Steadman Fiduciary Inv. Fund, Inc., Steadman American Industry Fund, Inc; Mark D. Geraghty, New York City, of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge.

This action, charging violations of the Investment Company Act of 1940, the Federal Securities Acts and the Investment Advisers Act of 1940, is brought by a shareholder of one of three mutual funds against the management and advisors of such funds and others. Plaintiff alleges that the management defendants collectively manage and control three funds in only one of which plaintiff holds shares. The complaint charges in six counts that excessive and illegal brokerage commissions and advisory fees were paid by the funds, that there was improper commingling of assets resulting in loss and that more was paid for the purchase of securities and less received for sales than should have been the case if such business had been transacted through other recognized sources.

Plaintiff seeks to maintain this action derivatively as class representative on behalf of himself and the shareholders of all three funds; derivatively and as class representative on behalf of all three funds themselves; and directly as class representative of the three funds and their shareholders.

Defendants now move for an order pursuant to Fed.R.Civ.P. 9(a), 12(b) (6), 23 and 23.1:

(a) dismissing the complaint to the extent that it seeks recovery from defendants on behalf of funds of which plaintiff is not a shareholder;

(b) directing that the action is not maintainable as a class action on the basis stated in the complaint; and

(c) dismissing the complaint to the extent it seeks to allege a class action on behalf of individual shareholders of the funds being sued.

Plaintiff relies on three theories which will be dealt with in turn:

## I.

Plaintiff contends that as a shareholder of one fund he may maintain a derivative action on behalf of that fund; that shareholders in each of the other two funds may maintain similar actions on behalf of their respective funds; that the shareholders of all three funds comprise a class represented by plaintiff; and, thus, that plaintiff as representative of that class may maintain a derivative action on behalf of the two funds in which he owns no shares as well as the fund in which he is a shareholder.

It is apparent that this is an attempt by plaintiff to lift himself by his own bootstraps, designed to accomplish by indirection a result which it is firmly established cannot be achieved directly. What plaintiff seeks to do is to main-

tain a derivative action on behalf of mutual funds in which he holds no shares. Such a result is contrary to Rule 23.1 and to the decided cases and must be rejected. Fed.R.Civ.P. 23.1. See, *e. g.*, Verrey v. Ellsworth, 303 F.Supp. 497 (S.D.N.Y. 1969) and cases cited therein; General Time Corporation v. American Investors Fund, Inc., 283 F.Supp. 400 (S.D.N.Y. 1968); de Haas v. Empire Petroleum Company, 286 F.Supp. 809 (D.Colo.1968). Plaintiff cannot maintain the class action on this theory.

## II.

Plaintiff next argues as follows:

1. As a shareholder in one fund plaintiff may maintain a derivative action on behalf of that fund.

2. The fund in which plaintiff owns shares may maintain a class action on behalf of itself and the two related funds, and, therefore

3. Plaintiff may maintain this action, through his fund, as representative of the class of funds, on behalf of all three funds.

■ Whatever superficial appeal this theory may have, plainly it cannot justify the maintenance of the class action in this case. It must be remembered that, on this theory, the class which plaintiff purports to represent through his fund is the class of named and identified funds, as distinguished from the individual shareholders of such funds (see III, *infra*). Fed.R.Civ.P. 23(a) provides, in pertinent part:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, * * *.

The class which plaintiff purports to represent (the funds) is composed of only three members who are plainly identified. It can scarcely be maintained that such a class "is so numerous that joinder of all members is impracticable." Plaintiff is not entitled to represent these three named funds as a class.

## III.

Finally, plaintiff contends that because investors in the three funds may not sell their shares on the open market but instead have a right to redeem on any given day at net asset value, the individual shareholders and the funds should be treated as one class. It is urged that an injury to one is a direct injury to all the rest. Accordingly, plaintiff argues he may bring a direct action as representative of this class.

The argument is unconvincing. The shareholders of the three funds seem to be in no different position than shareholders of three close corporations whose stock is not traded. It has been frequently held in this circuit and elsewhere that persons in such a position have no direct right of action but may only sue derivatively. See, *e. g.*, Henry v. General Motors Corporation, 236 F.Supp. 854 (N.D.N.Y.) and cases cited therein, aff'd per curiam, 339 F.2d 887 (2d Cir.1964); Fleischer v. Paramount Pictures Corporation, 329 F.2d 424 (2d Cir. 1964), cert. denied, 379 U.S. 835, 85 S.Ct. 68, 13 L. Ed.2d 43. The principle is so well established as to require no further discussion. Henry v. General Motors Corporation, supra, 236 F.Supp. at 856.

■ Plaintiff here, as a shareholder of one of the funds, has no individual right of action for alleged wrongs done to the corporation. The right of action is that of the corporation and is derivative only. He thus cannot sue in a representative capacity on behalf of the shareholders of his own fund, much less the shareholders of the other two. Plainly, therefore, he cannot represent the purported class.

Plaintiff relies largely on Kauffman v. Dreyfus Fund, Inc., 51 F.R.D. 18, (D.N. J.1969), appeal docketed, 434 F.2d 727, 3d Cir., 1970, to support his position here. That case permitted a plaintiff to maintain a derivative suit as a class ac-

tion on behalf of companies in which he held no shares under the particular circumstances there presented. To whatever extent *Kauffman* is contrary to this opinion I do not follow it.

The defendants' motions are in all respects granted.

Settle order on notice.